```
         IN THE UNITED STATES DISTRICT COURT FOR THE
                  SOUTHERN DISTRICT OF GEORGIA
                         AUGUSTA DIVISION

UNITED STATES OF AMERICA       *
                               *
         v.                    *    CR 120-089
                               *
JEROME WALTER KIGGUNDU.        *
```

# ORDER

Before the Court is Defendant Jerome Walter Kiggundu's motion for judgment of acquittal under Federal Rule of Criminal Procedure 29, or in the alternative, motion for new trial under Federal Rule of Criminal Procedure 33. (Doc. 73.) For the reasons set forth below, Defendant's motions are **DENIED**.

## I. BACKGROUND

On December 14, 2020, a jury convicted Defendant on three counts: bank fraud in violation of 18 U.S.C. § 1344, bankruptcy fraud in violation of 18 U.S.C. § 157(3), and false statement under oath in violation of 18 U.S.C. § 152(2). (Doc. 72.) At the close of the Government's case, Defendant moved for a judgment of acquittal on all counts under Federal Rule of Criminal Procedure 29. The Court deferred ruling until the close of all evidence and ultimately denied his motion. Defendant now renews his motion for judgment of acquittal and moves for a new trial in the alternative.

## II. MOTION FOR JUDGMENT OF ACQUITTAL

### A. Legal Standard

A motion for judgment of acquittal should be granted only "if the evidence is insufficient to sustain a conviction" of the offense charged. FED. R. CRIM. P. 29(a). In considering a Rule 29 motion, "the trial court is required to determine whether, viewing all the evidence in the light most favorable to the Government and drawing all reasonable inferences and credibility choices in favor of the jury's verdict, a reasonable trier of fact could find that the evidence established guilt beyond a reasonable doubt." United States v. O'Keefe, 825 F.2d 314, 319 (11th Cir. 1987) (citations omitted). The verdict must stand if there is substantial evidence to support it, that is, "unless no trier of fact could have found guilt beyond a reasonable doubt." United States v. Pineiro, 389 F.3d 1359, 1367 (11th Cir. 2004) (citation and quotation marks omitted).

### B. Analysis

Defendant argues "the [G]overnment did not present sufficient evidence to convict the Defendant of the counts alleged in the Indictment." (Doc. 73, at 2.) Further, he argues "the Government's evidence, along with the evidence presented by [the] [D]efendant, proved beyond a reasonable doubt that the Defendant himself was the one who was defrauded." (Id. at 3.) The Government responded to Defendant's motion, arguing Defendant's contentions are without merit and the evidence at trial conclusively proved

2

Defendant guilty on all three counts of the Indictment. (Doc. 74, at 3.)

1. Count One - Bank Fraud

To prove bank fraud, the Government had to prove beyond a reasonable doubt:

> (1) the Defendant knowingly carried out or attempted to carry out a scheme to get money, assets, or other property from a financial institution by using false or fraudulent pretenses, representations, or promises about a material fact;
> (2) the false or fraudulent pretenses, representations, or promises were material;
> (3) the Defendant intended to defraud the financial institution; and
> (4) Red Oak Capital Fund II ("Red Oak") was a mortgage lending business.

18 U.S.C. § 1344. The Court finds the Government met its burden of proof as to all elements of count one. As to element one, the Government presented the testimony of Chip Cummings of Red Oak who explained that Nakaddu LLC provided Red Oak with false Wells Fargo bank statements and a false personal financial statement through its commercial loan application. Testimony from the Office of the United States Trustee ("Trustee's Office") further explained that during the Section 341 meeting of creditors in the United States Bankruptcy Court action, the altered Wells Fargo statements were provided, and it was confirmed by the Defendant that the same altered statements were given to Red Oak. As to element two, Mr. Cummings testified that the information contained in the personal financial statement was material to Red Oak's decision to make the

commercial loan to Nakaddu LLC. As to element three, Defendant provided these false statements to Red Oak in order to obtain a loan and the Court observed income that suggested the project was not generating income sufficient to repay the loan. This showed that Defendant intended to defraud Red Oak. And as to element four, Mr. Cummings gave testimony that in its regular course of business Red Oak made commercial loans nationwide, meeting the definition of a mortgage lending business. As such, the evidence presented by the Government was sufficient for a reasonable trier of fact to find Defendant guilty beyond a reasonable doubt as to count one.

2. Count Two – Bankruptcy Fraud

To prove bankruptcy fraud, the Government had to prove beyond a reasonable doubt:

   (1) the Defendant devised or intended to devise the scheme or plan to defraud;
   (2) the Defendant acted with the intent to defraud; and
   (3) the Defendant made a material false or fraudulent representation, claim, or promise concerning or in relation to, a Title 11 bankruptcy proceeding for the purpose of executing, attempting to execute, concealing, or attempting to conceal the scheme to defraud.

18 U.S.C. § 157(3). The Government provided sufficient evidence for a reasonable trier of fact to find Defendant guilty beyond a reasonable doubt of count two. As to elements one and two, the evidence matches that as outlined above for count one and the Government met its burden of proof. As to element three, the

4

Government presented testimony from Joel Paschke, Trial Attorney for the Trustee's Office, and Lauren Glisson, Bankruptcy Auditor from the Trustee's Office. They testified that during Defendant's Chapter 11 reorganization and filing for Nakaddu LLC, he offered altered Wells Fargo statements and false testimony during the Section 341 meeting stating he received a $100,000 loan from Vince Carter and J&J Construction. Upon further investigation, the Trustee's Office determined these loans were never given and repayment in two installments never occurred even though such transactions were illustrated on the altered Wells Fargo statements. Further, the audio recording of the Section 341 meeting provides further evidence of the Defendant playing along with the altered Wells Fargo statements and the narrative that went along with them. This evidence supports the Government meeting its burden of proof as to count two.

### 3. Count Three - False Statement Under Oath

To prove false statement under oath, the Government had to prove beyond a reasonable doubt:

(1) a proceeding in bankruptcy existed under Title 11;
(2) the Defendant made a statement under oath in relation to the bankruptcy proceeding;
(3) the statement related to some material matter;
(4) the statement under oath was false; and
(5) the Defendant made the false statement knowingly and with the intent to deceive.

18 U.S.C. § 152(2). Again, the Government provided sufficient evidence for count three. As to element one, Mr. Paschke

established that a Chapter 11 bankruptcy existed for Nakaddu LLC. For element two, he and Ms. Glisson testified that they conducted the Section 341 meeting, and this was confirmed by the audio recording. This evidence proved that it was made clear to Defendant that the statements during such meeting were being made under oath. As to element three, Mr. Paschke testified as to the material nature of Defendant's statements with regards to the bankruptcy proceeding. As to element four, Mr. Paschke and Ms. Glisson both testified about the falsity of Defendant's statements referring to the $100,000 loan and the entries on the Wells Fargo statements that did not support or mathematically match the balances on the account when compared to unaltered Wells Fargo statements. And for element five, there was no evidence of a mistake in Defendant's actions and Defendant's sworn testimony during the recording proves his false statements were made knowingly and with the intent to deceive. Based on this, a reasonable trier of fact could find the evidence established guilt beyond a reasonable doubt as to all counts, and Defendant's motion for acquittal is **DENIED**.

### III. MOTION FOR NEW TRIAL

#### A. Legal Standard

A motion for new trial must be granted "if the interest of justice so requires." FED. R. CRIM. P. 33(a). A court can set aside a verdict and grant a new trial if it concludes that "[t]he

evidence must preponderate heavily against the verdict, such that it would be a miscarriage of justice to let the verdict stand." United States v. Martinez, 763 F.2d 1297, 1313 (11th Cir. 1985) (citation omitted). Motions for new trial based on the weight of the evidence are not favored; the Eleventh Circuit directs that courts cautiously and sparingly grant them only in "really exceptional cases." Id. at 1313 (citations and quotation marks omitted). Unlike a motion for judgment of acquittal, "the court need not view the evidence in the light most favorable to the verdict," and it may weigh the evidence and consider witnesses' credibility. Id. at 1312 (citations omitted). While the district court enjoys broad discretion, it may not "reweigh the evidence and set aside the verdict simply because it feels some other result would be more reasonable." Id. at 1312-13 (citation omitted).

**B. Analysis**

Defendant moves for a new trial on all counts, arguing that "[e]ven if the evidence is found sufficient to sustain the verdict, it preponderates heavily against the verdict." (Doc. 73, at 4.) Defendant's main contention is that both the Government and Defendant's evidence "proved beyond a reasonable doubt that the Defendant himself was the one who was defrauded." (Id. at 3.) The Government argues this contention is without merit, and the Court agrees.

From the Court's review of the record and its own recollection of the evidence presented at trial, the Court determines that

Defendant fails to demonstrate that the evidence heavily preponderates against the jury's guilty verdict on counts one through three. The Court finds no miscarriage of justice; therefore, the Court **DENIES** Defendant's motion for a new trial.

## IV. CONCLUSION

Based on the foregoing, the Defendant cannot show that the evidence at trial, viewed in the light most favorable to the Government, was insufficient to sustain a conviction. Accordingly, Defendant's motion for judgment of acquittal is **DENIED**. Similarly, none of the grounds set forth by Defendant require the Court to set aside the verdict and grant a new trial, so his motion for new trial is also **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this 28th day of January, 2022.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA